IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

NICHOLAS THOMPSON,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:20-cv-4

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nicholas Thompson ("Thompson"), who was formerly housed at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and for Declaratory Relief under 8 U.S.C. § 1503 and 28 U.S.C. §§ 1361 and 2201. Doc. 1.  Respondent filed a Motion to Dismiss, and Thompson filed a Response.  Docs. 8, 15. Thompson also filed a "Motion to Compel."  Doc. 12.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS without prejudice** Thompson's Petition, **DIRECT** the Clerk of Court to enter to appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Thompson *in forma pauperis* status on appeal.  I **DENY as moot** Thompson's Motion.[1]

## BACKGROUND

Thompson asserts he has resided in the United States since he was two years old and became a lawful permanent resident at the age of eleven.  Doc. 1 at 2.  Thompson states his mother applied to become a naturalized citizen and also applied for him to obtain derivative

---

[1] Thompson's "Motion to Compel" is simply a notice of change of address.

citizenship. Id. Thompson states his mother's citizenship application was approved, but she did not become a citizen until after he turned 18 years old. Id. According to Thompson, the Immigration and Naturalization Service ("INS") "engaged in affirmative misconduct in delaying the processing of the application for citizenship" before his 18th birthday, despite an internal INS policy requiring application processing within 60 days. Id. Thompson maintains this delay in processing his application for derivative citizenship deprived him of "his right to citizenship" after he provided all relevant information. Id. at 3. Thompson seeks a declaration that he is a derivative citizen and for this Court to enjoin his removal. Id.

Respondent contends this Court lacks jurisdiction to review Thompson's citizenship claim. Doc. 8 at 1. Additionally, Respondent asserts Thompson is limited to bringing his claim of derivative citizenship in immigration court proceedings, which he has attempted to do after being deported on a previous occasion. Id. Further, Respondent alleges this Court should not entertain Thompson's citizenship claims, as he has not exhausted his administrative remedies. Id. at 5–6, 6 n.3.

## DISCUSSION

Respondent states Thompson is a native and citizen of Trinidad and Tobago and was given status as a lawful permanent resident in December 1996. Id. at 2. After a few state court convictions, Thompson was ordered removed to Trinidad and Tobago in May 2017 and was removed in July 2017. Id. at 2–3; Doc. 8-1 at 24, 26. After he was removed, Thompson re-entered the United States illegally. Doc. 8 at 3. Thompson's prior order of removal was reinstated on May 20, 2019. Id. Respondent states Thompson mailed a motion to reopen his

removal proceedings to the Department of Homeland Security on December 19, 2019, and, as of a week before Respondent filed his Motion to Dismiss, that motion was pending.² Id.

**I.      Whether This Court is Able to Review Thompson's Petition**

Respondent asserts this Court lacks jurisdiction to review Thompson's claim of derivative citizenship under the Real ID Act of 2005, as his citizenship claim "raises a question inextricably tied to the question of his removability." Id. at 4.  Instead, Respondent states Thompson was to bring any challenge to his removal based on a claim of citizenship to the Eleventh Circuit Court of Appeals.  Id. at 5–6.  Respondent also states, if this Court were to enter a ruling on Thompson's citizenship claim now, this Court "could interfere with [Thompson's] final order of removal later . . . ."  Id. at 9.

Thompson alleges he did not claim citizenship at his removal proceedings in 2016 because he did not know he has derivative citizenship from him mother.  Doc. 15 at 2. Thompson also argues, as he did in his Petition, the INS' delay in processing and adjudicating his mother's citizenship application does not preclude him from his "right" to derivative citizenship.  Id.

Thompson's claim of derivative citizenship is tied to his removability, as success on a derivative citizenship claim would likely preclude removal.  Thus, under the Real ID Act of 2005, this Court lacks jurisdiction to entertain the merits of Thompson's claim.  8 U.S.C. § 1252. Section 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for

---

² Respondent contends Thompson was released from prison on January 15, 2020.  Doc. 8 at 3 n.1. Although Respondent notes ICE was in the process of repatriating Thompson to Trinidad and Tobago at the time his Motion to Dismiss was filed, Thompson's current mailing address appears to be a residential address in the State of Florida.  Doc. 12.

3

>   judicial review of an order of removal entered or issued under any provision of this chapter . . . .

8 U.S.C. § 1252(a)(5).  Additionally, judicial review of questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States" is not available unless there is a final order of removal.  § 1252(b)(9).

Thompson should have filed his Petition with the Eleventh Circuit.  He failed to do so, and this Court lacks jurisdiction to entertain his requested relief—to declare him a derivative citizen and enjoin his removal.  Doc. 1 at 3.  The Court should **GRANT** this portion of Respondent's Motion and **DISMISS** Thompson's Petition on this basis.

## II.    Thompson's Derivative Citizenship Claim

Respondent states in a footnote Thompson did not raise a derivative citizenship claim with the Immigration Court or the Board of Immigration Appeals in his 2017 immigration proceedings.  Doc. 8 at 6 n.3.  "Where an official's authority to act depends upon the status of the person affected, in this case eligibility for citizenship, that status, when in dispute, may be determined by a declaratory judgment proceeding after the exhaustion of administrative remedies."  McGrath v. Kristensen, 340 U.S. 162, 169 (1950) (cited in Roberts v. INS, 372 F. App'x 921, 925 (11th Cir. 2010)).  In McGrath, the United States Supreme Court concluded the petitioner could bring a 28 U.S.C. § 2201 declaratory judgment action to determine citizenship status because the Attorney General's refusal to suspend deportation was a final administrative decision.  However, in Roberts, the Court determined the petitioner could not bring a declaratory judgment action because the petitioner's immigration proceedings had not yet begun.

To the extent Thompson seeks to have this Court resolve whether he is entitled to derivative citizenship, he cannot do so at this time.  The Court is mindful that individuals can bring derivative citizenship claims under certain conditions.  See Sundar v. INS, 328 F.3d 1320,

1323 (11th Cir. 2003).  Indeed, an individual may start by filing an application for certificate of citizenship with DHS.  8 C.F.R. § 341.1.  If this application is denied, the individual may file an appeal with the Administrative Appeals Unit ("AAU").  8 C.F.R. §§ 322.5(b), 103.3(a).  If the AAU denies the appeal, then the applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim.  8 U.S.C. § 1503(a); Ortega v. Holder, 592 F.3d 738, 744 (7th Cir. 2010) (noting that an individual can establish nationality pursuant to § 1503 once an administrative application for a certificate of citizenship has been denied); Nelson v. United States, 107 F. App'x 469, 470–71 (6th Cir. 2004) (stating that § 1503(a) requires a final administrative denial before a declaratory judgment action may be instituted).  Judicial review of a derivative citizenship claim is also appropriate "[w]here an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings.  Henriquez v. Ashcroft, 269 F. Supp. 2d 106, 108 (E.D.N.Y. 2003).  In this circumstance, review is properly sought "before the appropriate court of appeals, not a district court."  Id. (citing 8 U.S.C. § 1252(b)(5)).

Regardless of whether a claim of derivative citizenship is made following an application for a certificate of citizenship or in conjunction with removal proceedings, all available administrative remedies must be exhausted before a federal court has subject matter jurisdiction to review the claim.  8 U.S.C. §§ 1503(a) & 1252(b)–(d); Sundar, 328 F.3d at 1323–24 (noting that the exhaustion requirement is jurisdictional and applies equally to habeas corpus proceedings).

Thompson has not shown he exhausted the proper administrative remedies before filing this cause of action.  In addition, Thompson has not shown that his citizenship application or removal proceedings have reached finality.  Doc. 8-1 at 2, 38–42 (motion to reopen removal

5

proceedings pending, dated December 19, 2019); id. at 57 (reinstatement of prior order, dated May 20, 2019).  Therefore, this Court is without jurisdiction to entertain Thompson's derivative citizenship claims.  The Court should **GRANT** this portion of Respondent's Motion and **DISMISS without prejudice** this portion of Thompson's Petition.

### III.    Thompson's Mandamus Relief

Thompson also moves for relief under 28 U.S.C. § 1361.  Doc. 1.  Pursuant to § 1361, federal courts have "original jurisdiction" in mandamus actions to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361.  While mandamus is an "extraordinary remedy" to be "utilized only in the clearest and most compelling" cases, issuance of the writ is a "matter of judicial discretion" guided by equitable principles.  Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (citations omitted).  Courts properly have discretion to issue a writ of mandamus when such relief is appropriate.  Id. at 1258.

"Mandamus relief is only appropriate when: (1) the [petitioner] has a clear right to the relief requested; (2) the [respondent] has a clear duty to act; and (3) no other adequate remedy [is] available."  Nyaga v. Ashcroft, 323 F.3d 906, 911 (11th Cir. 2003).  Stated differently, a writ of mandamus provides a remedy only where a petitioner "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Allegations in a petition for mandamus are taken as true, unless patently frivolous, so as "to avoid tackling the merits under the ruse of assessing jurisdiction."  Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980).

Here, Thompson fails to show he has a clear right to the relief requested.  To the extent he asserts this Court should instruct the INS to declare him a derivative citizen, as noted above,

this Court lacks jurisdiction over his Petition. Thus, the Court should also **DISMISS** Thompson's Petition under § 1361.

IV. **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Thompson leave to appeal *in forma pauperis*. Though Thompson has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Thompson's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Thompson *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Thompson's Petition, **DENY as moot** Thompson's Motion, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case.  I further **RECOMMEND** the Court **DENY** Thompson leave to proceed *in forma pauperis* on appeal.

The Court instructs any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA